ORIGINAL

WHITE_A.mtn

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910-5059
TEL: (671) 472-7332
FAX: (671) 472-7215

FILED
DISTRICT COURT OF GUAM
FEB 24 2006
MARY L.M. MORAN
CLERK OF COURT

Attorneys for United States of America

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF GUAM**

UNITED STATES OF AMERICA,
Plaintiff,
vs.
ANISIA MARIE ROSARIO WHITE,
Defendant.

CRIMINAL CASE NO. ~~02-00056~~ **01-00035**

**UNITED STATES MOTION TO MODIFY JUDGMENT**

COMES NOW, Plaintiff, UNITED STATES OF AMERICA, by and through its undersigned attorney, hereby motions the Court for an order to remove victim in the above-referenced case and to reduce the restitution amount on the judgment, and in support states as follows:

1. On July 26, 2001, this Court imposed sentence against Defendant ANISIA MARIE ROSARIO WHITE (hereinafter referred to as "Defendant WHITE") and ordered that defendant shall pay restitution to the parties who were impacted by the check that was written by Ana Cruz in the amount of $1,025.12. See Exhibit "A."

2. The Defendant was convicted of possession of stolen mail, possession of forged securities and unauthorized use of access device in violation of 18 U.S.C. §§ 1708, 513(a) and 1029(a)(2).

3. The check that was written by Ana Cruz in the amount of $1,025.12 was Bank of Guam check no. 1574 to Citibank. See Exhibit "B.:

4. There was no party that was impacted by this check as Bank of Guam debited the account of Defendant WHITE for the amount of $1,025.12. See Exhibit "C."

WHEREFORE, the United States of America respectfully requests that this Court order the following:

1. The judgment should delete the special instructions regarding the payment of criminal monetary penalties referencing the following:

(a) Defendant shall pay restitution to the parties who were impacted by the check that was written by Ana Cruz in the amount of $1,025.12.

2. The restitution amount should reflect $13,118.75.

RESPECTFULLY SUBMITTED this 24th day of February, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: ______________________
MARIVIC P. DAVID
Assistant U.S. Attorney
Attorneys for the Plaintiff

APPROVED:

F. MICHAEL CRUZ
Chief Probation Officer
Districts of Guam and the NMI

# United States District Court
## District of Guam

RECEIVED
U.S. ATTORNEY'S OFFICE
DISTRICT OF GUAM
2002 SEP -5 PM 1:31

U.S.A.

vs.

ANISIA MARIE ROSARIO WHITE

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 01-00035 -001

Federal Public, Defender
Defendant's Attorney

**Date of Original Judgment:** 07/26/01
(or Date of Last Amended Judgment)

**Reason for Amendment:** Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

FILED
DISTRICT COURT OF GUAM
SEP 05 2002
MARY L. M. MORAN
CLERK OF COURT

**THE DEFENDANT:**

- [✓] pleaded guilty to count(s) 1,2,3
- [ ] plead nolo contendere to count(s) which was accepted by the court.
- [ ] was found guilty on count(s) after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1708 | POSSESSION OF STOLEN MAIL | 01/31/98 | 1 |
| 18 USC 513(a) | POSSESSION OF FORGED SECURITY | 01/31/98 | 2 |
| 18 USC 1029(a)(2) | UNAUTHORIZED USE OF ACCESS DEVICE | 01/31/98 | 3 |

The defendant is sentenced as provided in pages 2 through ______ of this judgment. The sentence is imposed pursuant the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s)
- [ ] Count(s) (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: [redacted]2518

Defendant's Date of Birth: [redacted]/[redacted]/64

Defendant's USM No.: 02139093

Defendant's Residence Address:
[redacted]
Dededo, Guam 96912

Defendant's Mailing Address:
[redacted]
Barrigada, Guam 96921

08/23/02
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

John S. Unpingco
U.S. District Court Judge
Name and Title of Judicial Officer

SEP 05 2002
Date

EXHIBIT
A

efendant: ANISIA MARIE ROSARIO WHITE

ase Number: 01-00035 -001

# IMPRISONMENT

e defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for total term of: 12 Month(s).

**)efendant to serve a term of imprisonment of 12 month(s) for Count(s) 1,2,3, to be served concurrently.**

e court makes the following recommendations to the Bureau of Prisons:

**Defendant is imprisoned for a total of 12 months and one day on each of Counts 1, 2 and 3 to run concurrently.**

**While in prison, the defendant shall participate in the 500-hour drug treatment program and in any educational, vocational and theft diversion programs approved by the Bureau of Prisons.**

**It is highly recommended that the defendant be incarcerated in a federal prison facility in Dublin, California.**

# RETURN

have executed this judgment as follows:

________________________________________

________________________________________

________________________________________

Defendant delivered on ____________________ to ____________________

at ____________________, with a certified copy of this judgment.

____________________________
UNITED STATES MARSHAL

By ____________________________
Deputy U.S. Marshal

Defendant: ANISIA MARIE ROSARIO WHITE

Case Number: 01-00035 -001

# SUPERVISED RELEASE

on release from imprisonment, the defendant shall be on supervised release for a term of **36 months.**

e defendant shall report to the probation office in the district to which the defendant is released within 72 hours of ease from the custody of the Bureau of Prisons.

e defendant shall not commit another federal, state, or local crime.

e defendant shall not illegally possess a controlled substance.

*or offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

] The defendant shall not posess a firearm as defined in 18 U.S.C. § 921.

is judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the fendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

e defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The fendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

the defendant shall not leave the judicial district without the permission of the court or probation officer;
the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
the defendant shall support his or her dependents and meet other family responsibilities;
the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
the defendant shall notify the probation officer ten days prior to any change in residence or employment;
the defendant shall refrain from excessive use of alcohol;
the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcemenet agency without the permission of the court;
) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

efendant: ANISIA MARIE ROSARIO WHITE

ase Number: 01-00035 -001

# ADDITIONAL SUPERVISED RELEASE TERMS

iall be placed on Supervised Release for a period of three years on each of Counts I, 2 and 3 to be served concurrently under the following nditions:

Shall not use or possess illegal controlled substances & shall submit to one urinalysis w/in 15 days after release from imprisonment & to o more urinalysis thereafter.

Shall refrain from the use of any & all alcoholic beverages.

Shall participate in a substance abuse treatment program approved by the U.S. Probation Office for treatment of narcotic addiction or drug alcohol dependency which will include testing for the detection of substance use or abuse. Shall also make co-payment for treatment at a te to be determined by U.S. Probation Office.

Shall obtain and maintain gainful employment.

Shall not incur any new credit charges or open additional lines of credit w/out approval of the U.S. Probation Office unless the defendant is compliance with the payment schedule.

Shall provide the U.S. Probation Office access to any requested financial information.

Shall perform 400 hours of community service under the direction of the U.S. Probation Office.

ODIFICAITON AS OF AUGUST 23, 2002:

Shall participate in an educational/vcocational program under the direction of the U.S. Probation Office.

efendant: ANISIA MARIE ROSARIO WHITE
ase Number: 01-00035 -001

# CRIMINAL MONETARY PENALTIES

e defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set he Schedule of Payments page of this order, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $ 300.00 | $ 0.00 | $ 14,143.87 |

If applicable, restitution amount ordered pursuant to plea agreement.......... $ 0.00

# FINE

e above fine includes costs of incarceration and/or supervision in the amount of $ 0.00

e defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day r the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Page 5, Part B may be subject to alties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is waived as follows:

# RESTITUTION

] The determination of restitution is deferred until / / . an Amended Judgment in a Criminal Case will be entered after such a determination.

] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless ecified otherwise in the priority order or percentage payment column below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| 'arties that were impacted by the check that was written y Ana Cruz | $ 1,025.12 | $ 1,025.12 | 100 |
| 'arties that were impacted by the check that intended for esse B. Mesa. | $ 466.00 | $ 466.00 | 100 |
| laecha Aguon, P.O. Box 6648, Tamuning, Guam 96931 | $ 839.83 | $ 839.83 | 100 |
| 'acific Technical Services, Attn: Bill Neilsen, 979 Route 6, B-3, Barrigada, Guam 96913 | $ 1,571.95 | $ 1,571.95 | 100 |
| 3enson Guam Enterprises, Attn: Cencio Tan, P.O. Box 157, Tamuning, Guam 96931 | $ 235.79 | $ 235.79 | 100 |
| Totals: | $ 4,138.69 | $ 4,138.69 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

efendant: ANISIA MARIE ROSARIO WHITE

ase Number: 01-00035 -001

# CRIMINAL MONETARY PENALTIES

e defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set the Schedule of Payments page of this order, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $ 300.00 | $ 0.00 | $ 14,143.87 |

] If applicable, restitution amount ordered pursuant to plea agreement.......... $ 0.00

## FINE

e above fine includes costs of incarceration and/or supervision in the amount of $ 0.00

e defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day r the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Page 5, Part B may be subject to alties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is waived as follows:

## RESTITUTION

] The determination of restitution is deferred until / / . an Amended Judgment in a Criminal Case will be entered after such a determination.

] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless pecified otherwise in the priority order or percentage payment column below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| GPA, Attn: Ben Carbullido, Utility Services Administrator, P.O. Box 2977, Hagatna, Guam | $ 4,773.98 | $ 4,773.98 | 100 |
| USBANK, Attn: Kelly Rogers, P.O. Box 2097, Denver, Colorado 80201 | $ 1,048.52 | $ 1,048.52 | 100 |
| Bank of Hawaii, Attn: Gordon Lee, Security Dept., P.O. Box 2900, Honolulu, Hawaii 96846 | $ 4,182.68 | $ 4,182.68 | 100 |
| Totals: | $ 14,143.87 | $ 14,143.87 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

ıfendant: ANISIA MARIE ROSARIO WHITE

ıse Number: 01-00035 -001

# SCHEDULE OF PAYMENTS

/ments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; nterest; (6) penalties.

nent of the total fine and other criminal monetary penalties shall be due as follows:

[√] in full immediately; or

[ ] immediately, balance due (in accordance with C, D, or E); or

[ ] not later than / / ;

[ ] in installments to commence day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

[ ] in installments of over a period of year(s) to commence day(s) after the date of this judgment.

defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

cial instructions regarding the payment of criminal monetary penalties:

**Defendant shall pay restitition to the parties who were impacted by the check that was written by Ana Cruz in the amount of $1,025.12; and the check intended for Jesse B. Mesa in the amount of $466.00. These victims have yet to be identified and the restitution due is $1,491.12; for a total restitution total of $14,143.87.**

**Restitition shall be paid to the Clerk of Court, District Court of Guam, 4th Floor, U.S. Courthouse, 520 West Soledad Avenue, Hagatna, Guam 96910, for disbursement to the victims.**

The defendant shall pay the cost of prosecution.

The defendant shall forfeit the defendant's interest in the following property to the United States:

less the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of ɔrisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary ıalty payments, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program are ɔe made as directed by the court, the probation officer, or the United States attorney.



# FAX MESSAGE

DATE: January 13, 1998
Page(s): 1 of 1

TO: Mrs. Josefine Mariano, Bank of Guam FAX No. 671-477-0551
Agana, Guam

FROM: Ana Cruz, FAX No. 301-422-2744
Hyattsville, MD 20783

Dear Jo:

This is to confirm our telephone conversation this Tuesday evening, (Maryland time) regarding my check, drawn on Bank of Guam, checking account No. 0101-058493, issued to Citi Bank that law enforcement authorities are holding due to some alleged unlawful alteration.

On January 5, 1998, I issued my Bank of Guam check No. 1574 for $1,025.12 to Citi Bank. This check was for my January 1998 mortgage payment, account number 70595080. As I have always done on all my checks for my mortgage payment, I made out check number 1574 to 'Citi Bank' only.

Most of the time I sent off my mail through the home delivery mail carrier. Therefore, it is very likely that the mail containing my Citi Bank January 1998 mortgage payment was also picked up from my home by the home delivery mail carrier.

Lastly, I do hereby authorize Bank of Guam to charge my account, Number 0101-058493, for a cashier's check payable to Citi Bank in the amount of $1,025.12 to cover my January mortgage payment to replace the alleged altered check number 1574. I trust that you will send along with the Citi Bank check an appropriate explanation for the late arrival of my January 1998 payment.

If I can be of any further help, just call me at 301-422-2744.

Sincerely,

Ana Cruz



DANILO M. RAPADAS
Vice President/Legal Counsel



Member of the Federal Deposit Insurance Corp.

# BANK OF GUAM
THE PEOPLE'S BANK

Headquarters • P.O. Box BW • Hagåtña, Guam 96932

Tel: (671) 472-5300

September 14, 2005

Michelle Perez
Department of Justice
U.S. Attorney's Office
Districts of Guam and the NMI
Financial Litigation Unit
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910-5059

RE: U.S. vs. Anisia Marie Rosario White, CR: 01-00035

Dear Ms. Perez:

With regards to my March 24, 2005 letter relative to the above, the bank did not suffer a loss because we debited the account of the defendant, Anisia White, for the $1,025.12.

Should you have any questions or need additional information, please feel free to contact me at 472-5255 or fax at 477-0551.

Sincerely,

Danilo M. Rapadas
VP/Legal Counsel

DMR/sc

**DANILO M. RAPADAS**
Vice President/Legal Counsel

Member of the Federal Deposit Insurance Corp.

**BANK OF GUAM**
THE PEOPLE'S BANK
Headquarters • P.O. Box BW • Hagåtña, Guam 96932

Tel: (671) 472-5300

March 24, 2005

Michelle Perez
Department of Justice
U.S. Attorney's Office
Districts of Guam and the NMI
Financial Litigation Unit
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910-5059

RE: U.S. vs. Anisia Marie Rosario White, CR: 01-00035

Dear Ms. Perez:

With regards to your inquiry, please be advised that our research determines the Bank of Guam did not suffer a loss with check no. 1574 that was written by Ana Cruz in the amount of $1,025.12.

Should you have any questions or need additional information, please feel free to contact me at 472-5255 or fax at 477-0551.

Sincerely,

Danilo M. Rapadas
VP/Legal Counsel

DMR/aenu